**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket Nos. 6, 8, 9, & 10** |

## OMNIBUS LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MOHAMMAD HONARKAR AND 4G WIRELESS, INC. TO FIRST DAY MOTIONS

Mohammad Honarkar and 4G Wireless, Inc. (collectively, the "**Honarkar Parties**"), by and through their undersigned counsel, hereby file this omnibus limited objection and reservation of rights (this "**Omnibus Objection**") to the following motions filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"): (i) *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, and (IV) Granting Related Relief* [Docket No. 6] ("**Utilities Motion**"); (ii) *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying Automatic Stay; (IV) Scheduling a Final Hearing; and (V)*

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

*Granting Related Relief* [Docket No. 8] ("**Cash Collateral Motion**"); (iii) *Motion for Entry of Interim and Final Orders (I) Approving the Appointment of an Independent Manager; (II) Authorizing the Payment of Fees; and (III) Granting Related Relief* [Docket No. 9] ("**Independent Manager Retention Application**"); and (iv) *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Perform Intercompany Transactions, and (D) Maintain Existing Business Forms; (II) Authorizing the Debtors' Bank to Honor All Related Payment Requests; and (III) Granting Related Relief* [Docket No. 10] ("**Cash Management Motion**"). In support of this Omnibus Objection, the Honarkar Parties rely on the *Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)* [Docket No. 29] ("**Trustee Motion**"),[2] which is incorporated herein in full, and respectfully state as follows:

**BACKGROUND**

1.      On February 28, 2025, MOM CA Investco LLC, MOM AS Investco LLC, and MOM BS Investco LLC (collectively, the "**MOM Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2.      On March 10, 2025, the remaining Debtors (collectively, the "**SPE Debtors**") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

3.      On March 11, 2025, the Debtors filed the Utilities Motion, Cash Collateral Motion, Independent Manager Retention Application, and Cash Management Motion, as well as  a motion to retain a claims and noticing agent and a motion to redact certain personally identifiable

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Trustee Motion.

information (all of the foregoing motions, collectively, the "**First Day Motions**"), together with the *Declaration of Mark Shinderman in Support of Petitions and First Day Motions* [Docket No. 11] (the "**Shinderman Declaration**").

4.      The hearing to consider each of the First Day Motions (the "**First Day Hearing**") is currently scheduled for March 14, 2025 at 10:30 a.m. (ET).

5.      On March 13, 2025, the Honarkar Parties filed the Trustee Motion, seeking entry of an order directing the appointment of a chapter 11 trustee in these Chapter 11 Cases.

<u>**OMNIBUS LIMITED OBJECTION**</u>

6.       As set forth in the Trustee Motion, the Honarkar Parties acknowledge the need for these Chapter 11 Cases. The Honarkar Parties further acknowledge that the Debtors require certain first day relief so that they can maintain and continue to operate their businesses. Accordingly, the Honarkar Parties are not generally opposed to the relief requested in the First Day Motions, so long as it is not inconsistent with the relief requested in the Trustee Motion.

7.      However, given the Arbitrator's findings and conclusions in the Arbitration Award, and the Honarkar Parties' well-founded and grave concerns regarding the Continuum Parties and their unilateral appointment of restructuring counsel, the CRO, and Independent Manager, all as set forth in detail in the Trustee Motion, the Honarkar Parties do object to any form of relief granted in these Chapter 11 Cases that does not afford the Honarkar Parties with full access to the Debtors' books and records and insight into the administration and operation of these Chapter 11 Cases.

8.      The Honarkar Parties' concerns are only amplified by the Shinderman Declaration, which contains an inadequate and misleading discussion of the Arbitration Award and false and unsupported statements regarding Mr. Honarkar and the Debtors' prepetition transactions. (*See, e.g.*, Shinderman Decl. ¶ 42 (suggesting without adequate support that the Cantor Loans were used

to fund the Debtors' operations and capital expenditure requirements and not solely for the Continuum Parties' benefit), ¶ 61 (falsely claiming that Mr. Honarkar was at least partly to blame for the SPE Debtors' inability to service their debts when the true cause was the Continuum Parties' proven gross mismanagement and self-dealing).)

9.      The Shinderman Declaration also provides that, in order to get "up to speed," the CRO has, among other things, spoken with the Debtors' property management company, VGruppe Management ("**VGruppe**"), and, as of March 5, 2025, has set up "daily calls" with VGruppe, which has represented to the CRO that it is not affiliated with Mahender Makhijani, Mr. Honarkar, or their affiliates. (Shinderman Decl. ¶ 21.) That statement is patently false. As set forth in the Trustee Motion, as of at least October 8, 2024, Jason Miller was the chief executive officer, chief financial officer, and secretary of VGruppe, and Jason Miller is, in fact, affiliated with Mahender Makhijani and the other Continuum Parties, which makes VGruppe an insider and related to the Continuum Parties.

10.     This fact is particularly concerning because, according to the Cash Collateral Motion, the Budgets (as defined in the Cash Collateral Motion) "were prepared by prior management in consultation with VGruppe," and, according to the Cash Management Motion, VGruppe is a signatory on the SPE Debtors' bank accounts and has been advised that it "may continue operations in the ordinary course." (Cash Collateral Motion ¶ 23; Cash Management Motion ¶ 15.) Thus, the Continuum Parties are continuing to exercise control in these Chapter 11 Cases, including through the relief requested by the First Day Motions.

11.     The Honarkar Parties submit that the Shinderman Declaration simply does not provide sufficient support for the approval of the First Day Motions, particularly considering the

circumstances of the CRO's appointment and that this Court should take into consideration the facts and circumstances set forth in the Trustee Motion when ruling on the First Day Motions.

12.     As such, the Honarkar Parties respectfully request that the Court condition approval of any of the First Day Motions, including interim approval, on the requirement that the Debtors, the CRO, and the Independent Manager provide the Honarkar Parties will a full accounting of the Debtors' finances and prepetition payments and other transactions[3] and advance notice of any and all postpetition payments and transactions.

13.     Furthermore, any relief granted by this Court should not impair, prejudice, or otherwise alter any of the Honarkar Parties' rights and claims, including, without limitation, the Honarkar Parties' rights with respect to the Arbitration Award, the Trustee Motion, and/or the recession of the Joint Venture.

14.     Moreover, as stated in the Trustee Motion, since Mr. Honarkar is a 50% member of each of the Debtors, the Honarkar Parties are skeptical that the applicable operating agreements permit the Debtors to file the Chapter 11 Cases and appoint the Independent Manager, and the Honarkar Parties are, therefore, opposed to the Debtors' request for this Court's approval of the Independent Manager's appointment at the First Day Hearing.

15.     Thus, the Honarkar Parties further request that the Court adjourn the Independent Manager Retention Application to the Second Day Hearing, after the Trustee Motion is heard.

16.     Finally, the Honarkar Parties have provided the Debtors with comments to the proposed forms of order related to the Utilities Motion, Cash Collateral Motion, and Cash Management and ask that these comments be incorporated into any orders entered by this Court.

---

[3] The Arbitrator already found in the Arbitration Award that the Honarkar Parties are entitled to an accounting of the MOM Debtors.

## **RESERVATION OF RIGHTS**

17.     The Honarkar Parties fully reserve and preserve all of their rights with respect to the First Day Motions (including the related proposed orders), the Shinderman Declaration, and any and all documents related to any of the foregoing, including the Honarkar Parties' rights to assert further and/or additional objections to any and all of the First Day Motions and/or the Shinderman Declaration, whether before or during the First Day Hearing or otherwise. The Honarkar Parties further reserve and preserve all of their rights with respect to any additional forms of relief that may be requested by the Debtors, including, without limitation, any request to enter into or obtain any postpetition financing, if and when any such request is made.

**WHEREFORE**, the Honarkar Parties respectfully request that the Court (i) condition its approval of the First Day Motions, if any, on the accounting and advance notice to the Honarkar Parties as requested herein; (ii) reserve and preserve all of the Honarkar Parties' rights and claims; (iii) adjourn the Independent Manager Retention Application as requested herein; and (iv) grant such other and further relief that the Court deems necessary or appropriate.

Dated: March 13, 2025
      Wilmington, Delaware

**POLSINELLI PC**

_____

Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Stephen A. Smith (Del. Bar No. 7456)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
sasmith@polsinelli.com

-and-

Elisa Hyder (admitted *pro hac vice*)
Three Logan Square
1717 Arch Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 267-3001
Facsimile: (215) 267-3002
ehyder@polsinelli.com

*Counsel for Mohammad Honarkar and
4G Wireless, Inc.*