# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. 89** |
|  | Hearing Date: March 24, 2025 at 1:00p.m. (ET) |
|  | Obj. Deadline: At or Before the Hearing |

## LIMITED OBJECTION OF BANC OF CALIFORNIA TO DEBTORS' MOTION AUTHORIZING POSTPETITION FINANCING

Banc of California files this limited objection ("Limited Objection") to the Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing; and (II) Granting Related Relief (hereinafter "DIP Motion"):

**The DIP Financing Should Not Be Approved Until Budgets Are Submitted and Considered by Lenders**

1. As reflected in the DIP Motion[2], Banc of California, owed over $27 million, is secured in the Debtors' most significant operating asset, the Hotel Laguna located in Laguna

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] Terms defined herein have the same meaning as defined in the DIP Motion, unless otherwise defined in this Limited Objection.

Beach, California. Although Banc of California may well be supportive of the proposed DIP Loan, there are several significant problems that must be resolved before the Court approves the proposed financing.

2. In the Debtors' prior Cash Collateral Motion filed on March 11, 2025, the Debtors attached detailed budgets for each of the operating assets. [Docket No. 8, Exhibit 1 to Interim Order]. The budget for the Hotel Laguna reflected that the hotel was going to start going significantly cash flow negative sometime between March 28, 2025 to April 4, 2025, in the next two weeks, and would remain cash flow negative throughout the 13 week budget period. Needless to say, Banc of California is extraordinarily concerned that the hotel will soon be unable to fund its operations.

3. Incredibly, the Debtors' DIP Motion does not provide any budgets reflecting how any of the proceeds of the DIP Loan will be applied among the numerous operating assets. The DIP Motion, at para 30, provides that "There is no set budget for the DIP Loan, other than that $2.5 million of the DIP Loan proceeds will be set aside in escrow to ensure payment of the Debtors' professionals…." (emphasis added) The DIP Motion only provides that the DIP Loan will be used for Permitted Uses, which, among other things, include the ability "to fund operating expenses" as well as the Debtors' professional fees. [DIP Motion, p. 17] Notably, upon the approval of the Interim Order, the DIP Loan, which is described as an amount "no less than $3,500,000 up to $5,000,000," will be funded in the amount of $3.5 million, out of which $2.5 million is reserved for the Debtors' professional fees and costs of administration. [DIP Motion, pp. 2, 12] The Debtors are also required to pay the DIP Lenders' professional fees and expenses on a monthly basis. [DIP Motion, p. 16]

4. Thus, upon the Initial Funding of $3.5 million upon entry of the Interim Order, there will be less than $1 million of the DIP Loan available to fund operating expenses among the numerous operating assets, with absolutely: (1) no visibility as to how the funds will be allocated among the operating assets; (2) no visibility as to how long those funds will be able to keep the assets operating; and (3) no assurance that there will be any further funding of the DIP Loan. The only thing that is assured is that there will be $2.5 million available to the Debtors' professionals, and the distinct possibility that their cases may well crash and burn in the coming weeks.

5. The DIP Motion indicates that budgets will be prepared between 30-60 days from the filing of the DIP Motion. [DIP Motion, para 25a and 25b] However, the DIP Motion also provides that the Debtors "shall provide to the DIP Lender, as soon as reasonably practicable prior to the hearing to approve the Final Order…a budget for the proceeds to be used for operating expenses subject to a 25% variance….", and also that the DIP Lender will have consultation rights with the Debtors on the use of proceeds for operating expenses exceeding $50,000 on any one item or group of related items. [DIP Motion, p.16]

6. Significantly, this past Friday, on March 21, Debtors' counsel sent an email to the secured lenders' counsels that "FTI still is preparing property-level budgets based on the financial information that they now possess," and that "We hope to be able to provide those budgets before Wednesday's call." The reference to a call on Wednesday, March 26, was with reference to a general update call with the CRO.

7. Given that it now appears that budgets will be forthcoming by Wednesday, the hearing on this DIP Motion should be continued to allow the lenders to digest those budgets and determine if this proposed DIP Loan will be of any meaningful benefit to their operating assets,

or whether the alternative of relief from stay to allow the lenders to protect their operating assets is a more viable option. Banc of California also reserves its rights to assert other arguments regarding the proposed DIP Loan, including any need for adequate protection to deal with a new junior lienholder.

| | |
|---|---|
| Dated: March 23, 2025 | */s/ James E. O'Neill* <br> PACHULSKI STANG ZIEHL & JONES LLP <br> Richard M. Pachulski (admitted *pro hac vice*) <br> Ira D. Kharasch (admitted *pro hac vice*) <br> James E. O'Neill (DE Bar No. 4042) <br> Edward A. Corma (DE Bar No. 6718) <br> 919 North Market Street, 17th Floor <br> Wilmington, Delaware 19801 <br> Telephone: (302) 652-4100 <br> Facsimile: (302) 652-4400 <br> Email: joneill@pszjlaw.com <br>         ecorma@pszjlaw.com <br> <br> *Counsel for Banc of California* |