IN THE UNITED STATES THE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOM CA Investco LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10321 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 89<br><br>Hearing Date: March 24, 2025 at 1:00 p.m. (ET)<br>Obj. Deadline: At or Before the Hearing |

**PREFERRED BANK'S OPPOSITION TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING; AND (II) GRANTING RELATED RELIEF**

Preferred Bank ("Preferred"), by and through its undersigned counsel, hereby files this opposition (the "Opposition") to the motion of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to sections 105, 361, 362, 363, 364, 503, 507, and 552 of title 11 of the United States Code (the "Bankruptcy Code") for the entry of interim and final orders (i) authorizing Debtors to obtain postpetition financing; (ii) granting related relief [Docket No. 89] (the "Motion"). In support of the Opposition, Preferred respectfully states as follows:

## BACKGROUND

1. Preferred is owed two loans by Debtors and Debtors-in-Possession, Tesoro Redlands De, LLC ("TRD") and Aryabhata Group, LLC ("AGL").

---

[1] The debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

2.	In or about February 2022, Preferred extended a loan to TRD ("TRD Loan") in the principal amount of $39,000,000.00, which is secured by a Deed of Trust and an Absolute Assignment of Leases, Lease Guaranties, Rents, Issues and Profits (collectively "TRD DOT") against TRD's real property (the "TRD Property"). Preferred perfected its interest in the TRD Property and its rents, issues, and profits by recording the TRD DOT in the Official Records of San Bernardino County, California as document number 2022-0077762 and 2022-0077763, respectively, on February 28, 2022. TRD currently owes Preferred over $37 million.

3.	According to the Debtors, the TRD Property generates over $330,000 in rents per month and generates positive operating cash flow after paying for operating expenses, excluding secured debt service. This "positive operating cash flow" is about $220,000 per month after excluding semi-annual property taxes. [Docket No. 89, Exh. 1, p.47]

4.	No payments have been made on the TRD Loan since 2024 and no accounting for the rents has been provided, except, however, the Debtors did disclose that $50,000 of the rents were used to fund the proposed independent manager. [Docket No. 11, ¶ 83]

5.	In or about June 2021, Preferred extended a loan to AGL ("AGL Loan" and together with the TRD Loan, the "Loans") in the principal amount of $30,000,000.00, which is secured by a Deed of Trust and an Absolute Assignment of Leases, Lease Guaranties, Rents, Issues and Profits (collectively "AGL DOT"), against AGL's real property (the "AGL Property"). Preferred perfected its interest in the AGL Property and its rents, issues, and profits by recording the AGL DOT in the Official Records of Orange County, California as document number 20211000427442 and 2021000427443, respectively, on June 30, 2021. AGL currently owes Preferred over $28 million.

6.	The AGL Property generates no rents, but has minimal operating expenses according to the Debtors other than the semiannual property taxes of roughly $250,000. [Docket No. 8, Exh. 1, p.48]

7.	As part of the Motion, the Debtors seek approval of loan documents called "DIP Documents." No such DIP Documents were included with the Motion or the evidence in support of the Motion.

8.  The DIP is being funded by various guarantors of the existing loans. [Docket No. 89-4, ¶ 7]

9.  The proposed DIP financing is for $5 million and comes due in 90 days. Coincidentally, the projected professional fees for the next 90 days are about $5 million. [Docket No. 8, pp. 35-36]

**ARGUMENT**

10. This proposed borrowing provides absolutely no benefit to TRD or the TRD estate. TRD does not need any money according to the Debtors. Further, based on discussions with the Debtors, the TRD Property is the most likely to be sold **first**. Accordingly, TRD is expected to finance this case for the benefit of everyone else. The cases have not been substantively consolidated, yet the Debtors want to treat TRD's assets as though the cases had been consolidated all along to be able to pay any obligation of any debtor. Nor can the Debtors by artifice rip out the value from the TRD assets for the benefit of equity holders on a pre-plan basis. *See Cyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 984 (2017).

11. Additionally, insider dealings are subject to rigorous scrutiny. *Pepper v. Litton*, 308 U.S. 295, 306 (1939). The terms of the DIP Documents have not been disclosed so no one can analyze their actual effect. Besides the guarantors trying to use a "back door" for what 11 U.S.C. § 509(c) prohibits, there are significant Due Process concerns. The Motion is replete with defaults arising from, for example, the failure to "perform or comply with any material term, condition, covenant or obligation (including a payment obligation) contained in the DIP Documents" yet no one knows what those are. [Docket No. 89, pp.19-20, lines a. and m.]

12. The DIP financing effectively cedes control of the case to the insiders. The Motion goes further than the normal waiver of rights to challenge the DIP loan. Instead, the lender here is given enormous control over what happens in this case and what may go into a chapter 11 plan. For instance, apparently, prepetition secured creditors cannot receive any payments ("the DIP Borrowers makes any payment of prepetition principal or interest . . . on account of any prepetition

indebtedness or payables . . .")[2] or any entitlement to administrative status for their claims or any replacement or additional liens as adequate protection.  [Docket No. 89, pp.19-20, lines c., d.(i), and k(i).]

        13.    It goes well beyond affecting the rights of secured creditors too.  An event of default is any chapter 11 plan or any plan provision that "is not satisfactory to the DIP Lender in its sole and absolutely discretion."  [Docket No. 89, p.20, line n.(i)(y).]  *That could be anything*.  But it is not just over a chapter 11; it can be viewed as being for all other proceedings in the case as well as the DIP provisions are exceptionally vague.  (E.g., "Any non-monetary final judgment or order with respect to a post-petition event . . . which does or could be reasonably expected to have a material adverse effect . . ." and the "filing or support of any pleading . . . seeking or otherwise consenting to, any relief . . . which could reasonably be expected to result in the occurrence of a DIP Event of Default.")  [Docket No. 89, p.21, lines r. and s.]

        14.    And for what?  After a scathing arbitration award, for a paltry $5 million 90-day loan that just so happens to be enough to pay professionals, these same insiders could potentially foreclose on the assets and go back to calling the shots.  This smacks of a sub-rosa plan.

---

[2] Read literally, even real property taxes which are in the cash collateral budget are not authorized to be paid.

5516252v1 | 050625-0785

Dated: March 24, 2025

GELLERT SEITZ BUSENKELL & BROWN LLC

/s/ *Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
mbusenkell@gsbblaw.com

*and*

Michael J. Gomez
Gerrick M. Warrington
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2427
Phone: (323) 852-1000
mgomez@frandzel.com
gwarrington@frandzel.com

*Counsel for Preferred Bank*