IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MOM CA Investco, LLC.** *et al.*,[1] | § | CASE NO. 25-10321 (BLS) |
| | § | |
| Debtors. | § | CHAPTER 11 |
| | § | |
| | § | (Jointly Administered) |
| | § | |

**WILSHIRE QUINN INCOME FUND, LLC'S OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF FINAL ORDER (I) AUTHORIZING USE OF POST-PETITION CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

Wilshire Quinn Income Fund, LLC ("Wilshire Quinn"), by and through its undersigned counsel, files this objection to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Post-petition Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief [Docket No. 8] (the "Motion"). Wilshire Quinn objects to the excessive and unreasonable carve-out provisions, which harm its secured position. Wilshire Quinn states as follows:

Wilshire Quinn's loans are secured by two properties and all rents, issues and profits generated by the properties (the "Cash Collateral"), in Laguna Beach, California, located at 690 South Coast Highway (owned by Laguna HW, LLC) and 696 South Coast Highway (owned by Laguna HI, LLC). These loans are cross-collateralized, meaning both properties secure the total loan amount. The income generated by these properties, particularly 696 South Coast Highway,

---

[1] The Debtors in these chapter 11 proceedings are: MOM CA Investco LLC, MOM AS Investco LLC, MOM BS Investco LLC, Retreat at Laguna Villas, LLC, Sunset Cove Villas, LLC, Duplex at Sleepy Hollow, LLC, Cliff Drive Properties DE, LLC, 694 NCH Apartments, LLC, Heisler Laguna, LLC, Laguna Festival Center, LLC, 891 Laguna Canyon Road, LLC, 777 AT Laguna, LLC, Laguna Art District Complex, LLC, Tesoro Redlands DE, LLC, Aryabhata Group LLC, Hotel Laguna, LLC, 4110 West 3rd Street DE, LLC, 314 S. Harvard DE, LLC, Laguna HI, LLC, Laguna HW, LLC, The Masters Building, LLC, and 837 Park Avenue, LLC.

represents the cash collateral also securing Wilshire Quinn's claim. The Debtor's seek to use the Cash Collateral to fund their operations and pay administrative expenses.

Under 11 U.S.C. § 363(c)(2), Debtor "may not use, sell, or lease cash collateral . . . unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." Pursuant to section 363(e), "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." Debtor has the burden of proof on the issue of adequate protection. See 11 U.S.C. § 363(p)(1).

However, the Debtors' proposal does not adequately protect Wilshire Quinn because it improperly prioritizes payment of administrative expenses and professional fees, despite providing no direct benefit to Wilshire Quinn's collateral. The carve-out includes $25,000 for a Chapter 7 trustee under § 726(b), unlimited fees for the U.S. Trustee and Clerk of the Court, and escrowed professional fees totaling $4.97 million over 13 weeks. Such amounts are excessive, unjustified, and detrimental to Wilshire Quinn's secured position.

Additionally, the property at 696 South Coast Highway is projected to generate only $186,882 in positive cash flow over 13 weeks after operating expenses. This limited surplus is insufficient to support the sizeable carve-out sought by the Debtor. The proposed income use fails to prioritize payments to protect Wilshire Quinn's collateral or provide adequate assurance of recovery. The Bankruptcy Code, at § 363(e), mandates adequate protection for secured creditors. The payments derived from Wilshire Quinn's collateral instead unfairly benefit general administrative expenses, without providing tangible protections for Wilshire Quinn's secured

interests. Allowing such non-essential expenses to subordinate a secured claim constitutes a violation of adequate protection requirements.

Wilshire Quinn further asserts that the use of its cash collateral for unrelated administrative expenses and professional fees is improper. Any expenses not directly preserving or enhancing the properties at 690 and 696 South Coast Highway, including payments for corporate restructuring or unrelated operational costs, must be categorically denied. Adequate protection requires measures directly tied to preserving the secured creditor's collateral. The current proposal does nothing to meet this critical standard.

Under § 506(c) of the Bankruptcy Code, a claimant can recover expenses only if they are (1) reasonable and necessary to the preservation or disposal of the secured property and (2) provide a direct benefit to the secured creditor. The burden of proof squarely rests on the Debtors. *See In re Visual Indus.*, 57 F.3d 321, 324 (3d Cir. 1995); *In re C.S. Associates*, 29 F.3d 903, 906 (3d Cir. 1994); *In re Wheeling-Pittsburg Steel Corp.*, 884 F.2d 80, 84-87 (3d Cir. 1989); *In re McKeesport Steel Castings Co.*, 799 F.2d 91, 94-95 (3d Cir. 1986). The Debtors have failed to make this showing.

The Debtors offer no evidence that the proposed expenditures are reasonable. Escrowed professional fees of nearly $5 million, combined with $25,000 for a Chapter 7 trustee and unlimited payments to the U.S. Trustee, dwarf the limited projected cash flow of the 696 South Coast Highway property. This property is estimated to generate only $186,882 in positive cash flow over the next 13 weeks. Diverting all surplus cash toward professional fees leaves nothing to protect Wilshire Quinn's collateral or address the outstanding loan balance. This disregard for creditor protections directly contravenes *Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994), which requires adequate protection to maintain the value of secured claims.

The proposed expenditures are neither necessary to preserve Wilshire Quinn's collateral nor directly beneficial to it. The carve-out includes professional fees for advisors and consultants retained for unrelated matters, including corporate restructuring and arbitration disputes, providing zero benefit to the properties at 690 or 696 South Coast Highway. No evidence shows that these fees enhance or maintain Wilshire Quinn's collateral. This failure violates § 506(c), which mandates demonstrable and quantifiable benefits to the secured creditor's collateral. *See McKeesport Steel Castings Co.*, 799 F.2d at 94-95 (holding that expenditures must directly benefit collateral to be recoverable). Administrative expenses or professional fees that benefit the estate as a whole, without a specific benefit to Wilshire Quinn's collateral, cannot be charged against its secured claim.

The Third Circuit has made clear that the statutory scheme under § 506(c) is designed to limit burden-shifting to secured creditors. Where claimants fail to show direct benefit to the collateral, recovery under § 506(c) is improper. *See C.S. Associates, 29 F.3d at 906* (rejecting § 506(c) claims lacking a direct nexus to collateral preservation). The Debtors' proposal improperly attempts to shift the costs of the bankruptcy estate onto Wilshire Quinn, in clear violation of these principles.

Wilshire Quinn demands heightened protections to ensure compliance with bankruptcy law and safeguard its interests. First, periodic cash payments must be paid to Wilshire Quinn from the income generated by its collateral to compensate for the lack of payments since October. Second, replacement liens on unencumbered assets must be granted to offset any diminution in the value of its collateral caused by the proposed use of cash collateral. Third, all income generated by its collateral must be segregated into a separate account to ensure transparency and prevent commingling with other estate funds.

Additionally, Wilshire Quinn requests a detailed budget showing exactly how the cash collateral will be applied to preserve and enhance the value of its collateral. The budget must clearly omit expenses unrelated to the secured properties, including administrative costs for other properties or general operational costs.

If the Court should allow any use of Cash Collateral, Wilshire Quinn demands that the Court impose the following safeguards to ensure its claims are prioritized and adequately protected:

1) Periodic cash payments must be made from income generated by Wilshire Quinn's collateral to compensate for the absence of payments since October.

2) Replacement liens must be granted on unencumbered assets to address any diminution in the value of Wilshire Quinn's collateral.

3) All income generated by the collateral must be segregated into a separate account to ensure transparency and prevent commingling with funds unrelated to Wilshire Quinn's properties.

4) Wilshire Quinn demands that the Debtors be prohibited from using its cash collateral for any expenses that fail to directly preserve or enhance its collateral. Costs such as general operational expenses, administrative costs unrelated to the collateral, or payments concerning other properties should not be funded with Wilshire Quinn's secured cash flows.

5) Finally, Wilshire Quinn demands detailed oversight and proper financial accountability. The Debtors must provide a clear and specific budget detailing how all cash collateral and DIP loan proceeds will be used. Monthly financial reporting is required, showing all income, expenses, and cash flow specifically related to the

properties securing Wilshire Quinn's loan. All proceeds from Wilshire Quinn's collateral must remain segregated in a separate account. To ensure compliance, the appointment of an independent financial monitor is warranted to oversee the use of cash collateral and DIP funds.

The Debtors' proposed carve-out and use of cash collateral are excessive, improper, and harmful to Wilshire Quinn's secured position. The Court must protect Wilshire Quinn's rights as a secured creditor and limit the Motion unless the carve-out is capped, the use of funds is restricted to direct collateral preservation, and robust reporting and oversight measures are implemented.

Dated: March 24, 2025               Respectfully submitted

/s/ Daire J. Pyle
Daire J. Pyle
Stern and Eisenberg
200 Biddle Avenue, Suite 107, Newark DE, 19702
302-731-7200 ext. 4103
dpyle@sterneisenberg.com

Dated: March 24, 2025               Respectfully submitted,

/s/ Kelsey Luu
Kelsey Luu (Pro Hac Vice Admission Pending)
GHIDOTTI BERGER, LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
949-427-2010 Ext. 1051
kluu@ghidottiberger.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § § | |
| **MOM CA Investco, LLC.** *et al.*,[2] | § § | CASE NO. 25-10321 (BLS) |
| Debtors. | § § § | CHAPTER 11 |
| | § § | (Jointly Administered) |

**CERTIFCATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2025, I caused copies of the foregoing WILSHIRE QUINN INCOME FUND, LLC'S OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF FINAL ORDER (I) AUTHORIZING USE OF POST-PETITION CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF to be served electronically upon:

| **Name** | **Email address** | **Representing** |
|---|---|---|
| Jeffrey K. Garfinkle | jgarfinkle@buchalter.com | Debtors |
| Rebecca Wicks | rwicks@buchalter.com | Debtors |
| Christopher M. Samis | csamis@potteranderson.com | Debtors |
| R. Stephen McNeill | rmcneill@potteranderson.com | Debtors |
| Aaron H. Stulman | astulman@potteranderson.com | Debtors |
| Malcolm M. Bates | malcolm.m.bates@usdoj.gov | U.S. Trustee |
| Christopher Ward | cward@polsinelli.com | Honarkar Parties |

---

[2] The Debtors in these chapter 11 proceedings are: MOM CA Investco LLC, MOM AS Investco LLC, MOM BS Investco LLC, Retreat at Laguna Villas, LLC, Sunset Cove Villas, LLC, Duplex at Sleepy Hollow, LLC, Cliff Drive Properties DE, LLC, 694 NCH Apartments, LLC, Heisler Laguna, LLC, Laguna Festival Center, LLC, 891 Laguna Canyon Road, LLC, 777 AT Laguna, LLC, Laguna Art District Complex, LLC, Tesoro Redlands DE, LLC, Aryabhata Group LLC, Hotel Laguna, LLC, 4110 West 3rd Street DE, LLC, 314 S. Harvard DE, LLC, Laguna HI, LLC, Laguna HW, LLC, The Masters Building, LLC, and 837 Park Avenue, LLC.

Dated: March 24, 2025         Respectfully submitted

/s/ Daire J. Pyle
Daire J. Pyle
Stern and Eisenberg
200 Biddle Avenue, Suite 107, Newark DE, 19702
302-731-7200 ext. 4103
dpyle@sterneisenberg.com