# **EXHIBIT A**

**IV.     SUMMARY OF CONCLUSIONS AND FURTHER PROCEEDINGS**

1.      Claimants have proven their fraudulent inducement claim against Makhijani, Continuum and the MOM Members; and Claimants are therefore entitled to elect the alternative remedies of either compensatory damages, or rescission with restitution and consequential damages, all in amounts to be determined.  (§§ III.A., III.G., and III.N.1 .above; ¶ 13 below; FAC at 22-23.)

2.      Claimants have proven their breach of contract (Operating Agreement) claims against the MOM Members and the MOM Managers; and Claimants are therefore entitled to the alternative remedies of compensatory damages or rescission with restitution and consequential damages, all in amounts to be determined.  (§§ III.B.1.-B.5. and III.N.2. above; ¶ 13 below; FAC at 24-25.)

3.      Claimants have not proven their breach of contract (Management Agreement) claim against the MOM Members and the MOM Managers.  (§ III.B.6. above; not pleaded in FAC.)

4.      Claimants have proven their forcible entry and forcible detainer claims against Makhijani, Continuum and the MOM Parties; and Claimants are therefore entitled to restitution of the subject premises (775 Laguna Canyon Road) and incidental damages in amounts to be determined.  (§§ III.C. and III.G. above; ¶ 13 below; FAC at 31-33.)

5.      Claimants have proven their derivative conversion claim against Makhijani, Continuum, the MOM Parties and Nano; and the MOM JV Entities (as Derivative Claimants) are therefore entitled to recover compensatory damages in amounts to be determined.  (§§ III.D., III.G. and III.I. above; ¶ 13 below; FAC at 28-29.)

6.      Claimants have proven their derivative Section 496 claim against Makhijani, Continuum, the MOM Parties, and Nano; and the MOM JV Entities (as Derivative Claimants) are therefore entitled to recover compensatory damages in amounts to be determined.  (§§ III.E., III.G., and III.I. above; ¶ 13 below; FAC at 30-31.)

7.      Claimants have proven their derivative unjust enrichment claim against Makhijani, Continuum, and the MOM Parties; and the MOM JV Entities (as Derivative Claimants) are therefore entitled to recover compensatory damages in amounts to be determined.  (§§ III.F. and III.G. above; ¶ 13 below; FAC at 29-30.)

8.      Claimants have proven their conspiracy to commit and aiding and abetting fraudulent inducement claims against Nano; and Claimants are therefore entitled to the alternative remedies of compensatory damages, or rescission with restitution and consequential damages, all in amounts to be determined.  (§§ III.A. and III.H. above; ¶ 13 below; FAC at 33-37.)

9.     Claimants have not proven their derivative breach of contract claim against Nano.  (§ III.J. above; FAC at 37.)

10.    Claimants have proven their accounting claim against the MOM Parties; Claimants are therefore entitled to the accounting requested; and the accounting shall be the subject of further proceedings in this arbitration.  (§ III.K. above; ¶¶'s 16 and 17 below; FAC at 26.)

11.    Claimants have proven their declaratory relief claim against the MOM Parties; and Claimants are therefore entitled to the declaratory relief requested.  (§ III.L. above; FAC at 27.)

12.    The MOM Respondents have not proven any of their (counter) claims against Honarkar (including trespass, conversion, Section 496, intentional interference with contractual relations and prospective economic advantage, declaratory or injunctive relief).  (§ III.M. above.)

13.    All amounts of restitution, consequential damages, compensatory damages, incidental damages, punitive damages and interest (if any) to be awarded to Claimants shall be determined in further proceedings in this arbitration.  (¶¶'s 1, 2, and 4-8 above; and ¶¶'s 16 and 17 below.)

14.    Claimants shall recover from Respondents attorney fees and costs, in amounts to be determined.  (§ III.N.5. above; ¶¶'s 16 and 17 below; JAMS Rule 24(f) and 24(g).)  Claimants shall file an application for fees and costs within 20 days after this Partial Interim Award is served.  Respondents may file opposition within 10 days, and Claimants may file a reply within 5 days.  The Arbitrator may rule on the application without conducting a hearing.

15.    It is not intended this Partial Interim Award be subject to judicial review pursuant to the CAA (CCP §§ 1284, 1285) or the FAA (9 U.S.C. §§ 9, 10) or any other law, and the Arbitrator reserves jurisdiction over all claims submitted to arbitration until a Partial Final Award is issued.

16.    This Partial Interim Award, together with the determinations regarding the amounts of attorney fees and costs to be awarded (¶ 14 above), shall be embodied in a Partial Final Award. It is intended the Partial Final Award will be subject to judicial review as to those issues finally determined therein, so the parties may return to the Superior Court and seek (i) confirmation of the Partial Final Award, and (ii) appointment of a receiver (§ III.N.7. above) to oversee the JV during the period in which the accounting and the further proceedings in this arbitration are conducted.  The Arbitrator reserves jurisdiction to determine such additional issues as may arise between the parties, together with all issues not finally determined in the Partial Final Award, including those related in any way to the accounting and the determination of the amounts of restitution, damages, and interest to be awarded.  (See JAMS Rules 24 and 25; *Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415, 1437 [Arbitrator has the authority to issue a partial or interim award and to reserve jurisdiction to issue a final award on the remaining issues.].)

17. After the accounting has been completed and the amounts of restitution, damages, and interest to be awarded have been determined; after all further proceedings in this arbitration have been concluded; and after all issues not finally determined in the Partial Final Award have been resolved; the Arbitrator will issue a Final Award which will include a supplemental award for attorney fees, costs, and expenses incurred in this arbitration through entry of the Final Award. (See JAMS Rules 24 and 25; ¶ 14 above; *Hightower*, *supra*, 86 Cal.App.4th at 1437-1441.

18. Consolidated Scheduling Order No. 100 shall remain in full force and effect and shall govern all further proceedings in this arbitration.

19. A virtual interim status conference shall take place at 8:30 a.m. on April 14, 2025. A further interim status conference or a final status conference will be scheduled at that time.

DATED: February 21, 2025

_____
Hon. David A. Thompson (Ret.)