**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MOM CA Investco LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10321 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 175 |

### OBJECTION OF THE MOM MEMBERS TO THE MOTION OF MOHAMMAD HONARKAR AND 4G WIRELESS, INC. FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

MOM CA Investor Group LLC, MOM BS Investor Group LLC and MOM AS Investor Group LLC (collectively, the "MOM Members"), by and through their undersigned proposed bankruptcy counsel, hereby object (this "Objection") to the *Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [D.I. 175] (the "Motion") and, in support hereof, respectfully state as follows:

### BACKGROUND

1. The above-captioned, jointly administered chapter 11 cases ("Chapter 11 Cases") of the MOM Debtors[2] and the SPE Debtors were filed on February 28, 2025, and March 10, 2025, respectively.

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Motion.

2. On March 13, 2025, the Honarkar Parties filed the Trustee Motion, seeking the appointment of a chapter 11 trustee for these Chapter 11 Cases.

3. On March 17, 2025, the MOM Members filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases (the "<u>Investor Group Cases</u>") are being jointly administered in this Court, separate and apart from these Chapter 11 Cases, under Case No. 25-10510 (BLS). These Chapter 11 Cases and the Investor Group Cases are collectively referred to herein as the "<u>Bankruptcy Cases</u>."

4. The Investor Group Cases were, in part, precipitated by the filing of these Chapter 11 Cases. The filing of these Chapter 11 Cases disrupted the normal course of business between the MOM Members and the MOM Debtors. The Investor Group Cases were filed to preserve the value of the MOM Members for the benefit of the MOM Members' creditors during the period of uncertainty created by the filing of these Chapter 11 Cases and the accounting that needs to occur in connection with the Arbitration,.

5. The MOM Members hold a 50% membership interest in the MOM Debtors. The MOM Members' equity interest in the MOM Debtors is their principal asset. The largest creditors of the MOM Members are two noteholders – Bridgegap Group LLC ($2,200,000 note) and Bridge Moh LLC ($27,000,000 note). The members of these noteholder limited liability companies (identified below) are not respondents in the Arbitration, and their ability to recover on their claims depends on preserving value of MOM Members' equity interests in the MOM Debtors while the disputes related to the Arbitration are resolved.

| **Bridge Moh** | **Amount** |
|---|---|
| Bridge Moh 1 LLC | $20,000,000.00 |
| Waterview Management Service | $500,000.00 |

| | |
|---|---|
| Davejeet Singh | $150,000.00 |
| GGAN Investments LLC | $1,000,000.00 |
| Devinder Gandhi | $166,666.68 |
| The Ahn Family Trust Share | $500,000.00 |
| Nirbhau LLC | $250,000.00 |
| NAAM Simran LLC | $375,000.00 |
| Kiratbir Khurana | $100,000.00 |
| Malik Enterprises, LLC | $3,958,333.32 |
| **Total Bridge Moh** | **$27,000,000.00** |

| **Bridgegap** | **Amount** |
|---|---|
| Waterview Management Services, LLC | $500,000.00 |
| Kurbaan, Inc. | $200,000.00 |
| Oncar Financial Services, Inc. | $500,000.00 |
| Andrew Stupin | $1,000,000.00 |
| **Total Bridge Gap** | **$2,200,000.00** |

6.     To date, the Honarkar Parties have filed numerous motions forcing the parties to engage in expensive litigation that diminishes estate assets. A preliminary report was issued in the Arbitration. That report concludes that both sides have valid claims against each other. Importantly, the report also concludes that an accounting is necessary to determine what damages each party holds against the other. Understanding the relative damages (on both sides) and the amounts that will be needed to return to the status quo ante of the joint venture are necessary first steps to an election of remedies and concluding the Arbitration.

7. Rather than moving forward to pursue an accounting in these Bankruptcy Cases utilizing the broad subpoena powers of this Court, the Honarkar Parties filed the instant Motion seeking relief from the automatic stay to liquidate their alleged claims against the MOM Debtors in the Arbitration. The requested relief includes, but is not limited to, the appointment of a receiver (presumably outside of the oversight of this Court) to conduct an accounting of the MOM Debtors' and Respondents' (including the MOM Members') books and records to determine the extent of the Honarkar Parties' and the Respondents' relative damages.

8. The Honarkar Parties have also moved to dismiss the Investor Group Cases or, alternatively, for stay relief to proceed with the Arbitration as against the MOM Members. *See* Case No. 25-10510 (BLS), D.I. 4.

**BASIS FOR OBJECTION**

9. The MOM Members do not dispute that the claims of the Honarkar Parties and the claims of the Respondents, which have been partially adjudicated in the Arbitration, require an accounting to determine relative damages. Such process should be measured and coordinated to ensure that value is preserved for all constituents, including the MOM Debtors' creditors and equity holders. The real estate values of the underlying assets suggest that equity has value in these cases, the extent of which will be borne out by the accounting. Defending multiple actions rather than performing one consolidated accounting under the supervision of this Court would needlessly drain estate resources when it is clear that the accounting is needed before any other actions should be taken.

10. There is little prejudice to the Honarkar Parties from denying stay relief because the accounting can happen more efficiently in the Bankruptcy Cases where the MOM Debtors and MOM Members have broader discovery rights. This would have been the next step in the

Arbitration had it not been stayed. Appointing a receiver when the assets are under the supervision of this Court not only further dissipates recoveries but provides creditors with less insight and information than they would have if the assets remain in bankruptcy where there are reporting obligations and transparency. There are other creditors and parties that are negatively impacted by the requested relief and the continued litigation is distracting focus away from negotiating (i) the accounting protocol that will allow the Arbitration to be resolved and (ii) the path forward either through a restructuring or sale process that maximizes value for the estates.

11. The Honakar Parties acknowledge in the Motion that the MOM Debtors are nominal respondents in the Arbitration and derivative claimants. Upon filing the bankruptcy petitions by the MOM Debtors, such derivative claims became property of the MOM Debtors' estates and subject to the jurisdiction of this Court. *See* 11 U.S.C. § 541(a)(1) (a bankruptcy estate includes "all legal or equitable interest of the debtor in property"); *In re JMO Wind Down, Inc.*, 2018 WL 1792185, at *6 (Bankr. D. Del. Apr. 13, 2018) (derivative claims are property of the estate). Accordingly, any review of the debtors' books and records, or forensic accounting,[3] should occur within the purview of these Chapter 11 Cases and under the supervision of this Court. *See* 28 U.S.C. § 157(b)(2)(O) (core proceedings include "proceedings affecting the liquidation of the assets of the estate").

12. For the foregoing reasons, any accounting should be coordinated in the MOM Debtors' cases amongst the estates of the MOM Debtors, the estates of the MOM Members and the other non-debtor parties to ensure a fulsome record and to reduce costs and preserve value for the debtors' stakeholders. Remaining in bankruptcy while the accounting is completed is not only

---

[3] The Honarkar Parties acknowledge that they have been in discussions with the MOM Debtors regarding the retention of a forensic accountant to review the debtors' books and records. The MOM Members are in support of this approach.

5

more efficient but is a more transparent process for the MOM Debtors' stakeholders than the Arbitration, which is entirely confidential.

WHEREFORE, for the reasons stated above, the MOM Members respectfully request that the Motion be denied.

Dated: April 17, 2025　　　　　　　**BAYARD, P.A.**
Wilmington, Delaware

　　　　　　　　　　　　　　　　　*/s/ Ericka F. Johnson*
　　　　　　　　　　　　　　　　　Ericka F. Johnson, Esq. (DE Bar No. 5024)
　　　　　　　　　　　　　　　　　Kevin G. Collins, Esq. (DE Bar No. 5149)
　　　　　　　　　　　　　　　　　Steven D. Adler, Esq. (DE Bar No. 6257)
　　　　　　　　　　　　　　　　　Ashly L. Riches, Esq. (DE Bar No. 7256)
　　　　　　　　　　　　　　　　　600 North King Street, Suite 400
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Telephone: (302) 655-5000
　　　　　　　　　　　　　　　　　E-mail: ejohnson@bayardlaw.com
　　　　　　　　　　　　　　　　　　　　　　kcollins@bayardlaw.com
　　　　　　　　　　　　　　　　　　　　　　sadler@bayardlaw.com
　　　　　　　　　　　　　　　　　　　　　　ariches@bayardlaw.com

　　　　　　　　　　　　　　　　　*Proposed Counsel to the MOM Member Debtors and Debtors in Possession*