# **EXHIBIT 1**

**Stipulation**

Case 25-10321-BLS    Doc 379-1    Filed 05/09/25    Page 1 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOM CA Investco LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10321 (BLS)<br><br>(Jointly Administered) |

STIPULATION BY AND AMONG THE DEBTORS AND THE
HONARKAR PARTIES REGARDING
RESOLUTION OF SEVERAL CONTESTED MATTERS

The Debtors (defined below) and Mohammad Honarkar and 4G Wireless, Inc. (the "Honarkar Parties", and together, the "Parties" and each, a "Party") hereby enter into this stipulation (the "Stipulation") and agree as follows:

RECITALS

WHEREAS, on February 28, 2025 (the "Investco Petition Date"), MOM CA Investco LLC ("MOM CA"), MOM AS Investco LLC ("MOM AS"), and MOM BS Investco LLC ("MOM BS", collectively with MOM CA and MOM AS, the "MOM Investcos") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on March 10, 2025 and March 31, 2025, (each an "SPE Petition Date", and together with the Investco Petition Date, the "Petition Date"), twenty special purpose entities (collectively, the "SPE Debtors,"[2] together with the MOM Investcos, the "Debtors") owned by the

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229], and Terra Laguna Beach, Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] The "SPE Debtors" are: Retreat at Laguna Villas, LLC; Sunset Cove Villas, LLC; Duplex at Sleepy Hollow, LLC; Cliff Drive Properties DE, LLC; 694 NCH Apartments, LLC; Heisler Laguna, LLC; Laguna Festival Center, LLC; 891 Laguna Canyon Road, LLC; 777 AT Laguna, LLC; Laguna Art District Complex, LLC; Tesoro Redlands DE, LLC; Aryabhata Group LLC; Hotel Laguna, LLC; 4110 West 3rd Street DE, LLC; 314 S. Harvard DE, LLC; Laguna, HI, LLC; Laguna HW, LLC; The Masters Building, LLC; 837 Park Avenue, LLC, and Terra Laguna Beach, Inc. (interim)

1

MOM Investcos each filed a voluntary petition with the Court for relief pursuant to chapter 11 of the Bankruptcy Code;

**WHEREAS**, on March 13, 2025, the Honarkar Parties filed the *Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)* [Docket No. 29] (the "Trustee Motion")[3] seeking appointment of a chapter 11 trustee;

**WHEREAS**, on April 2, 2025, the Honarkar Parties filed the *Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Docket No. 29] (the "Stay Relief Motion") seeking relief from the automatic stay to proceed with the Arbitration as further described in the Stay Relief Motion;

**WHEREAS**, on March 31, 2025, Debtor Terra Laguna Beach, Inc. ("Terra") filed a voluntary petition with the Court for relief pursuant to chapter 11 of the Bankruptcy Code commencing Case No. 25-10641 (BLS) (the "Terra Chapter 11 Case");

**WHEREAS**, on April 10, 2025, the Honarkar Parties filed the *Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Dismissing Debtor's Chapter 11 Cases Pursuant to 11 U.S.C. § 1112(b)* [Case No. 25-10641 (BLS); Docket No. 3] (the "Motion to Dismiss") seeking to have the Terra Chapter 11 Case dismissed;

**WHEREAS**, on April 15, 2025, the Court entered the *Interim Amended Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 220] ("Interim Joint Admin Order") pursuant to which the Terra Chapter 11 Case became jointly administered on an interim basis with the above-captioned chapter 11 cases;

**WHEREAS**, on April 22, 2025, the Debtors filed (i) the *Motion of Debtors for Entry of Orders (A)(I) Approving Bidding Procedures for Tesoro Property, (II) Scheduling the Bid Deadlines, (III) Scheduling Hearings and Objection Deadlines with Respect to the Sale of Tesoro Property, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief; and (B)(I) Approving the Sale of Tesoro Property Free and Clear of all Interests, (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 280] (the "Tesoro Sale Motion") and (ii) the *Debtors' Motion for an Order Shortening and Limiting Notice with Respect to the Debtors' Bid Procedures Motion* [Docket No. 281] (the "Motion to Shorten");[4]

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Trustee Motion, Stay Relief Motion (defined herein), Motion to Dismiss (defined herein), Tesoro Sale Motion (defined herein), or Motion to Shorten (defined herein), as applicable.

[4] The Motion to Shorten was withdrawn at Docket No. 294 following a hearing on April 24, 2025, during which the Parties read the proposed terms of this Stipulation into the record.

**WHEREAS**, on April 28, 2025, the Court entered the *Order Granting in Part and Adjourning in Part Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Docket No. 303];

**WHEREAS**, the Debtors have also been informed by the Honarkar Parties that several of the Debtors' properties, including the Tesoro Property, are set up under a Tenancy in Common ("TIC") structure under 26 U.S.C. § 1031.

**WHEREAS**, the CRO believes properties should be sold as quickly as commercially reasonable given liquidity constraints. The Honarkar Parties believe that a Plan of Reorganization (a "Plan") is the best path forward and continue to pursue financing to fund these chapter 11 cases to prosecute a Plan with the Honarkar Parties as the Plan Sponsor. The Debtors are willing to work with the Honarkar Parties provided that committed financing is obtained prior to May 15, 2025, and such financing is sufficient to fund a confirmable plan of reorganization.

**WHEREAS**, after good-faith arm's length negotiations, the Parties have resolved certain disputes and matters among them, all on the terms and conditions set forth in this Agreement.

## AGREEMENT

NOW THEREFORE, in consideration of the promises and the mutual covenants and agreements set forth herein, each Party, intending to be legally bound, agrees as follows:

1. The above recitals are fully incorporated herein and made an express part of the Stipulation.

2. This Agreement shall be effective and binding on each Party subject to and upon entry of an order by the Court approving this Agreement (such date, the "Effective Date")

3. The Debtors agree to withdraw the Motion to Shorten and the Tesoro Sale Motion shall be set for hearing on May 14, 2025 at 2:00 p.m. (ET).

4. The Honarkar Parties shall promptly withdraw the Trustee Motion without prejudice; subject only to being refiled if, subsequent to the Effective Date, the Honarkar Parties discover evidence that the Debtors' current management (*i.e.*, the independent manager and chief restructuring officer) have committed gross negligence, willful misconduct, fraud, breach of fiduciary duty, breach of any covenant set forth herein or violation of law after the Effective Date.

5. To the extent relief from the automatic stay is otherwise required as to the Debtors, the Debtors agree to limited relief from the automatic stay to permit the Honarkar Parties, the Debtors, and other parties to the Arbitration to request clarification from the Arbitrator with respect to whether the entities listed in paragraph 4 on page 43 of the Arbitration Award belong to the MOM Investcos as of the Petition Date, and to reconcile the findings in the Arbitration Award that:

   (i) "the joint venture ("JV") comprises a portfolio of commercial properties that ***were previously owned by [the Honarkar Parties] and are now owned by the [MOM Investcos]***" Arbitration Award, pg. 3, § I (emphasis added);

3

    (ii) "Palm Desert Collective Resorts LLC, 424 Marguerite Ave. LLC, and 8871 Research Dr. LLC are "Held-Back LLCs" under the ACA and the Operating Agreements and thus, ***were never contributed to the MOM JV Entities***." *Id*. at pg. 43, § L(3) (emphasis added); and

    (iii) "[t]he following entities appear on Exhibit C of the Operating Agreements and ACA but ***were never intended by the parties to be Contributed Entities to the JV***: 4G (Ex. 583 [Letter Agreement – 4G is the MO Member]), Modan LLC (majority owned by Niazi), BMV Apartments LLC, 7 Star Trade-In LLC, Marquis Marine LLC, Poppy and Seed LLC, The Fullest LLC, Pizza 90 Inc., Laguna Beach Company Inc., MJA Restaurants Inc., MS Nosh LLC, 331 N. Coast LLC, 331 North Coast Hwy. LLC, 2711 E. Coast Hwy. LLC, 113 Canyon Acres LLC, Terra Laguna Beach Inc., Seven Degrees Laguna Inc., Rancho San Joaquin Golf Course LLC, 14 West Coast LLC, Cliff Drive NB Properties LLC, Blue Lagoon Resort LLC, Buena Vida RSM LLC, Pershing82 LLC, and Brookline Aliso Viejo LLC." *Id*. at pg. 43, § L(4) (emphasis added).

    6.    The Motion to Dismiss shall be adjourned indefinitely, including any briefing deadlines, the Terra Chapter 11 Case shall remain jointly administered on an interim basis pursuant to the Interim Joint Admin Order, unless otherwise subsequently agreed upon by the Parties.

    7.    To the extent that the Arbitrator clarifies that MOM CA Investco LLC did not own the equity interests of Terra as of the applicable Petition Date, the Honarkar Parties agree not to seek the dismissal of the Terra Chapter 11 Case until August 31, 2025.

    8.    By no later than May 2, 2025, the Honarkar Parties shall use reasonable efforts to provide the Debtors such information as may be in their possession, custody or control, which information, may be helpful for the Debtor to analyze the potential tax liabilities under 26 U.S.C. § 1031 for all of the Debtors' properties, where applicable.

    9.    The Honarkar Parties agree to promptly provide to the Debtors (i) a list of real properties for which they will consent to expedited sales and (ii) all information, expressions of interest, and inquiries the Honarkar Parties have received with respect to sales of any of the Debtors' real properties.

    10.    The Debtors agree to meet and confer with the Honarkar Parties with respect to the proposed sale timeline for the Tesoro Sale Motion to the extent alternative financing is secured and proceeds from the sale of the Debtors' other real properties is available.

    11.    To the extent that the Honarkar Parties obtain a non-contingent financing commitment by May 15, 2025 sufficient to fund a confirmable plan of reorganization that pays allowed secured, administrative, and priority claims in full, and provides for a distribution to general unsecured creditors from litigation proceeds, the Debtors will work in good faith with the

Honarkar Parties on a confirmable plan of reorganization with the Honarkar Parties as the plan sponsor and the timing necessitated by the liquidity of the Debtors' estates. For the avoidance of doubt, the Debtors will work in good faith with any proposed plan sponsor to come to agreeable terms on committed debtor in possession and/or exit financing. However, to the extent that committed financing is obtained by the Honarkar Parties after May 15, 2025, the Parties reserve all rights.

12. For the avoidance of doubt, nothing in this Stipulation affects the Debtors' investigation or any disputes between the Parties regarding, among other things, (i) the diversion of rent or other property that the Debtors believe is property of the estates; (ii) management of properties that the Debtors believe are property of the estates and for which the Honarkar Parties do not have management rights; or (iii) discovery issues related to (i) and (ii) of this paragraph; provided however, that the Parties shall meet and confer regarding all such issues.

13. No modification of the Stipulation will be binding or enforceable unless in writing and signed by the Parties.

14. Each of the Parties will bear its own costs and attorneys' fees incurred in connection with all matters settled herein and will not seek reimbursement or compensation from any other Party in connection with same.

15. Each individual signing the Stipulation on behalf of a Party acknowledges and, with respect to their own signature below, warrants and represents, that they are authorized, on behalf of the respective Party indicated below, to enter into the agreements contained herein and to execute the Stipulation in their representative capacity as reflected below.

16. Each of the Parties hereby irrevocably consents to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of the Stipulation and expressly waives any right to commence any such action in any forum other than the Court. The Stipulation will be interpreted and construed in accordance with the laws of the State of Delaware, without regard to any otherwise applicable conflicts of law provisions of the State of Delaware.

17. The Stipulation may be executed in any number of counterparts, each of which will be deemed an original, and all of which when taken together will constitute one and the same document, with facsimile and .pdf signature pages deemed to be originals.

[*Signature Pages Follow*]

**WHEREFORE**, the undersigned have executed this Stipulation on behalf of the Parties hereto.

Dated: May 7, 2025
       Wilmington, Delaware

Bernard D. Bollinger (admitted *pro hac vice*)
William S. Brody (admitted *pro hac vice*)
**BUCHALTER, A PROFESSIONAL CORPORATION**
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: (213) 891-0700
Email: bbollinger@buchalter.com
       wbrody@buchalter.com

-and-

Rebecca Wicks (admitted *pro hac vice*)
**BUCHALTER, A PROFESSIONAL CORPORATION**
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Email: rwicks@buchalter.com

-and-

Khaled Tarazi (admitted *pro hac vice*)
**BUCHALTER, A PROFESSIONAL CORPORATION**
15279 N. Scottsdale Road, Suite 400
Scottsdale, Arizona 85254-2659
Telephone: (480) 383-1800
Email: ktarazi@buchalter.com

*Proposed Counsel to the Debtors and Debtors in Possession*

Respectfully submitted,

/s/ R. Stephen McNeill

Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
R. Stephen McNeill (No. 5210)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
       astulman@potteranderson.com
       rmcneill@potteranderson.com
       gflasser@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*

_(signature)_

Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Stephen A. Smith (Del. Bar No. 7456)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
sasmith@polsinellis.com

-and-

Elisa Hyder (admitted Pro hac vice)
Three Logan Square
1717 Arch Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 267-3001
Facsimile: (215) 267-3002
ehyder@polsinelli.com

*Counsel to Mohammad Honarkar and 4G Wireless, Inc.*