**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 475** |

**DEBTORS' MOTION TO SHORTEN THE NOTICE PERIOD**
**WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO AMEND THE DIP CREDIT**
**AGREEMENT AND (II) GRANTING RELATED RELIEF**

The Debtors (defined below) hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening the time for notice of the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Amend the DIP Credit Agreement and (II) Granting Related Relief* (the "DIP Amendment Motion"),[2] filed contemporaneously herewith, so that it may be heard at the omnibus hearing scheduled for June 10, 2025 at 10:00 a.m. (ET) (the "Hearing"), with any objections to the DIP Amendment Motion to be filed or raised at or before the hearing (the "Proposed Objection Deadline"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229], and Terra Laguna Beach, Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the DIP Amendment Motion.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over the above-captioned chapter 11 cases (the "Chapter 11 Cases"), the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.      The Debtors constitute a real estate joint venture comprised of a portfolio of commercial properties owned by the Debtors.  The properties that make up the portfolio include hotels, an apartment complex, office buildings, other commercial real estate, and individual homes used as luxury vacation rentals.

6.      On February 28, 2025 (the "Investco Petition Date"), Debtor MOM CA Investco LLC ("MOM CA"), Debtor MOM AS Investco LLC ("MOM AS"), and Debtor MOM BS Investco

LLC ("MOM BS," collectively with MOM CA and MOM AS, the "MOM Investcos") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The MOM Investcos were founded in June of 2021 for the purpose of managing a robust real estate investment portfolio.

7.    Each of the MOM Investcos owns a number of subsidiary special purpose entities (each an "SPE"), which each own and hold a separate investment property. Collectively, the MOM Investcos have ownership interests in roughly sixty (60) SPEs for properties across the country. Each of the MOM Investcos holds one-hundred percent (100%) of the ownership interests for each of their respective SPEs.

8.    On March 10, 2025 and March 31, 2025, as applicable (the "SPE Petition Date," together with the Investco Petition Date, the "Petition Date", as applicable), twenty of the SPEs (collectively, the "SPE Debtors,"[3] together with the MOM Investcos, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b). *See* Docket Nos. 56, 220.

9.    The Debtors are operating their business and managing their properties, as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committees have been appointed in these Chapter 11 Cases.

10.    Additional factual background regarding the Debtors is set forth in the *Declaration of Mark Shinderman in Support of Petitions and First Day Motions* [Docket No. 152] (as amended, the "First Day Declaration"), which is incorporated herein by reference.

---

[3]    The "SPE Debtors" are: Retreat at Laguna Villas, LLC; Sunset Cove Villas, LLC; Duplex at Sleepy Hollow, LLC; Cliff Drive Properties DE, LLC; 694 NCH Apartments, LLC; Heisler Laguna, LLC; Laguna Festival Center, LLC; 891 Laguna Canyon Road, LLC; 777 AT Laguna, LLC; Laguna Art District Complex, LLC; Tesoro Redlands DE, LLC; Aryabhata Group LLC; Hotel Laguna, LLC; 4110 West 3rd Street DE, LLC; 314 S. Harvard DE, LLC; Laguna, HI, LLC; Laguna HW, LLC; The Masters Building, LLC; 837 Park Avenue, LLC, and Terra Laguna Beach, Inc. (interim).

11.     The specific factual background relevant to this Motion is set forth in the DIP Amendment Motion filed contemporaneously herewith.  The Debtors hereby incorporate the facts from the DIP Amendment Motion by reference as if they were set forth herein.

12.     For the reasons explained below, approval of the DIP Amendment Motion on the requested timeline will provide the Debtors with the necessary runway to administer these Chapter 11 Cases toward value maximizing sales (or a plan of reorganization should one arise) of the Debtors' real property assets for the benefit of the Debtors' estates and all stake holders.

## RELIEF REQUESTED

13.     By this Motion, the Debtors seek entry of the Proposed Order shortening the time for notice of the DIP Amendment Motion and setting (i) the Hearing for June 10, 2025 at 10:00 a.m. (ET) and (ii) the Proposed Objection Deadline for at or before the Hearing.

## BASIS FOR RELIEF

14.     Bankruptcy Rule 4001(c)(2)(A) requires fourteen (14) days' notice prior to a hearing on a motion to obtain credit, but the Court may hold an earlier hearing if necessary to avoid immediate and irreparable harm.  Fed. R. Bank. P. 4001(c)(2).  Moreover, under Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced."  Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Indeed, as reflected in section 102(1) of the Bankruptcy Code, "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances. . . ."); *see Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re*

*Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.")

15.      Additionally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).m.

16.      This Court has shortened notice with respect to similar motions in appropriate circumstances like those presented here.  *See, e.g.*, *In re Mondee Holdings, Inc.*, No. 25-10047 (JKS) (Bankr. D. Del. Feb. 18, 2025) [Docket No. 261]; *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Dec. 19, 2024) [Docket No. 465]; *In re Clovis Oncology, Inc.*, No. 22-11292 (JKS) (Bankr. D. Del. Feb. 27, 2023) [Docket No. 406]; *In re RGN-Group Holdings, LLC*, No. 20-11961 (BLS) (Bankr. D. Del. Nov. 18, 2020) [Docket No. 710]; *In re PQ New York, Inc.*, No. 20-11266 (JTD) (Bankr. D. Del. June 3, 2020) [Docket No. 77].

17.      The Debtors submit that cause exists to justify shortening the notice period and hearing the DIP Amendment Motion under Bankruptcy Code section 105(a), Bankruptcy Rules 4001(c)(2) and 9006(c), and Local Rule 9006-1(e).  The Debtors have been continuously engaged in efforts to maintain stable business operations, improve liquidity, and maximize the value of their businesses for the benefit of all interested parties.  While the Debtors have made substantial progress in advancing their sale process, stabilizing business operations, and addressing issues necessary to administer these Chapter 11 Cases, the Debtors have known that additional liquidity would be needed to run them.  In fact, the Debtors have been transparent that the complexity of the Debtors' business and the issues surrounding these Chapter 11 Cases would require the procurement of a more robust longer-term DIP loan to enable the Debtors to consummate a value maximizing sale process or to confirm a plan of reorganization.  *See e.g.*, Initial DIP Declaration, ¶ 13 (providing

that during "Phase 2" of these cases, the Debtors would "assess the various exit options and replace the short-term DIP Loan with a more traditional DIP loan following a marketing period."); Supplemental DIP Declaration, ¶ 26 ("First, the Debtors need an initial short-term loan to stabilize the businesses and administer these Chapter 11 Cases and build the VDR. Second, the Debtors would utilize the VDR to bring in more substantial financing for these Chapter 11 Cases. Third, with longer-term financing in hand, the Debtors would proceed to an end-game—either a plan of reorganization or sale."); Apr. 22, 2025 H'rg Tr. at 37:18-22 [Docket No. 301] ("But we are moving expeditiously to, either, you know, acquire a long – you know, a long-term DIP; or, alternatively, monetize some of the Debtors' assets to make this process work as we move forward."); Mar. 31, 2025 H'rg Tr. at 54:19-55:1 [Docket No. 185] ("We need the time to establish the data room, that's in process. As you heard, that will be done soon. That will allow us to engage with parties on a plan process, that will allow us to engage with parties on the sale process; that will allow us to engage with parties on DIP financing longer-term, which we've already received proposals of and the debtors' professionals are working with those parties.").

18.    Consistent therewith, the Debtors, in consultation with their professionals, have determined that it is desirable, necessary, and in the best interests of the Debtors and their estates to increase the principal amount available under the DIP Loan. Specifically, the additional liquidity is necessary for the Debtors to operate their businesses and administer these Chapter 11 Cases through consummation of the Debtors' proposed sale process, which will extend into the end of September. With respect to operations, the Debtors need funding to, among other things, make payroll, pay property taxes that continue to accrue postpetition, pay vendors, provide and maintain insurance for all properties, and pay administrative expenses of the Chapter 11 Cases, among other things. These payments are critical to the Debtors' many secured creditors as well as

other stakeholders.  The Debtors anticipate that their liquidity will be critically impaired by the Hearing on June 10, 2025.  Additionally, there is a very real risk that the Real Property Lenders will seek relief from the automatic stay to commence foreclosures on the Debtors' properties if additional liquidity is not obtained.

19.     Because the additional liquidity provided by the DIP Amendment Motion is required for the Debtors to meet their continuing obligations, the Debtors submit that expedited consideration is necessary to avoid immediate and irreparable harm to the estates.  Further, the Debtors submit that the requested shortened notice will not substantially prejudice parties in interest because the Debtors provided proper notice of, and an opportunity to object to, the DIP Motion and the DIP Amendment Motion is supplementary thereto.  Based on the foregoing, the Debtors believe that the notice provided will be adequate and sufficient given the exigent circumstances.

## LOCAL RULE 9006-1(e) CERTIFICATION

20.     In accordance with Local Rule 9006-1(e), counsel to the Debtors notified counsel to the U.S. Trustee, the Real Property Lenders, and Mohammad Honarkar and 4G Wireless, Inc. (the "Honarkar Parties") of their intention to file this Motion.  The U.S. Trustee takes no position on the relief requested, the Real Property Lenders did not respond regarding their position on the relief requested, and the Honarkar Parties oppose the relief requested.

## NOTICE

21.     Notice of this Motion will be provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors' thirty largest unsecured creditors on a consolidated basis; (c) the Honarkar Parties; (d) the Real Property Lenders; (e) counsel to the DIP Lender; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the

Office of the United States Attorney for the District of Delaware; (i) the financial institutions at which the Debtors' bank accounts are maintained; (j) all parties which, to the best of the Debtors' knowledge, information, and belief, have asserted or may assert a lien in the Debtor's assets; (k) any other party that has asserted a lien on or security interest in the Debtors' assets; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 3, 2025
        Wilmington, Delaware

Respectfully submitted,

*/s/ Gregory J. Flasser*
Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
R. Stephen McNeill (No. 5210)
Gregory J. Flasser (No. 6154)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
        astulman@potteranderson.com
        rmcneill@potteranderson.com
        gflasser@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*