## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MOM CA Investco LLC, et al.,[1] | ) Case No. 25-10321 (BLS) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
| ----------------------------------------------------- | ) |
|  | ) **Re: Docket Nos. 611** |

### RESPONSE OF ENTERPRISE BANK & TRUST
### TO EMERGENCY MOTION OF MOHAMMAD HONARKAR AND 4G WIRELESS, INC. FOR ENTRY OF AN ORDER DISMISSING OR CONVERTING THE CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b)

Enterprise Bank & Trust (the "Enterprise Bank"), by and through its undersigned counsel, hereby files this response (the "Response") to the emergency motion of Mohammad Honarkar and 4G Wireless, Inc. for the entry of an order dismissing or converting the Chapter 11 cases pursuant to 11 U.S.C. § 1112(b) [Docket No. 611] (the "Motion"). In support of the Response, Enterprise Bank respectfully states as follows:

### INTRODUCTION

1.      Mohammad Honarkar and 4G Wireless, Inc. (the "Honarkar Parties") will not consent to the sale under section 363 of the Bankruptcy Code of the properties which secure certain of the Debtors' obligations to Enterprise Bank. As a result, dismissal of the bankruptcy cases of

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

(a) Retreat at Laguna Villas, LLC, (b) Sunset Cove Villas, LLC, (c) Duplex at Sleepy Hollow, LLC, (d) Cliff Drive Properties DE, LLC, (e) 694 NCH Apartments, LLC, (f) Heisler Laguna, LLC, (g) Laguna Festival Center, LLC, (h) 891 Laguna Canyon Road, LLC, (i) 777 at Laguna, LLC and (j) Laguna Art District Complex, LLC is warranted and in the best interest of the creditors of each of these respective estates.

2.      As a creditor of Debtors MOM AS Investco LLC and MOM BS Investco LLC, Enterprise Bank consents to the conversion of these cases to Chapter 7.

3.      As Enterprise Bank is not a creditor of the following Debtors, and has no standing in those cases, it does not respond to the Motion as it applies to Debtors MOM CA Investco, LLC, Tesoro Redland DE, LLC, Aryabhata Group, LLC, Hotel Laguna, LLC, 4110 West 3rd Street DE, LLC, 314 S. Harvard DE, LLC, Laguna HI, LLC, Laguna HW, LLC, The Masters Building, LLC and 837 Park Avenue, LLC.

## RELEVANT BACKGROUND

4.      Enterprise Bank is the holder, owner, and beneficiary of notes, deeds of trust, and security agreements made by Debtors 777 at Laguna, LLC, 891 Laguna Canyon Road, LLC, Laguna Art District Complex, LLC, Laguna Festival Center, LLC, Heisler Laguna, LLC, 694 NCH Apartments, LLC, Sunset Cove Villas, LLC, Retreat at Laguna Villas, LLC, Duplex at Sleepy Hollow, LLC and Cliff Drive Properties DE, LLC (collectively, the "Enterprise Bank SPE Debtors"). In addition, Enterprise Bank is the holder of unsecured claims against MOM AS Investco LLC and MOM BS Investco LLC.

5.      The types of properties owned by the Enterprise Bank SPE Debtors, and on which Enterprise Bank holds senior secured liens, range from short term vacation rental apartments to residential condominiums to mixed-use commercial property, as detailed below.

(a)     Cliff Drive Properties DE, LLC owns four individual residential condominium units in Laguna Beach which were available as monthly or weekly vacation rentals;

(b)     Duplex at Sleepy Hollow, LLC owns a residential building in Laguna Beach with two, one bedroom, one bath units which were available as vacation rentals;

(c)     Retreat at Sunset Cove, LLC owns a residential building in Laguna Beach with seven, one-bedroom rental units and one studio unit which were available as short-term vacation rentals;

(d)     Sunset Cove Villas, LLC owns a residential oceanfront building in Laguna Beach with eight, one-to-three-bedroom luxury units which were available as vacation rentals;

(e)     694 NCH Apartments, LLC owns a three-story, six-unit, two bedroom/two bath apartment building in Laguna Beach;

(f)     Heisler Laguna, LLC owns seven separate adjacent retail and residential parcels located in Laguna Beach originally purchased by the owner for redevelopment of a boutique hotel; and

(g)     777 at Laguna, LLC, 891 Laguna Canyon Road, LLC, and Laguna Art District Complex, LLC are owners of separate adjacent parcels of real estate located on Laguna Canyon Road comprising a 63,967 square foot, mixed-use, commercial, residential, school and event center located in Laguna Beach (the "Laguna Arts District").

## RESPONSE

6.     There is no dispute that "cause" exists to convert or dismiss these cases under section 1112(b)(1) of the Bankruptcy Code. In fact, the Debtors have requested the entry of an order converting these cases to Chapter 7 proceedings in the absence of DIP financing. *See Debtors' Statement Regarding Conversion*, ¶42 [Docket No. 621]. As of the date of this Response, there is no DIP financing.[2] Furthermore, the Debtors have consented to relief from the stay so that

---

[2] As announced at the July 24, 2025 Status Conference, Specialty DIP, LLC failed and refused to fund the entire DIP loan commitment approved under the *Amended Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing and (II) Granting Related Relief* on July 17, 2025 [Docket No. 681]. Lacking sufficient DIP financing to make critical insurance payments, Enterprise Bank consented to the Debtors' emergency request to use cash collateral for that purpose. Upon information and belief, Specialty DIP, LLC has not advanced its full commitment as of the date of this Response.

the Real Property Lenders, including Enterprise Bank, can protect, control and administer their respective properties and exercise their state law foreclosure rights. *Id.*, ¶ 46. Accordingly, the sole issue before the Court is whether conversion to Chapter 7 or dismissal is in the "best interest of creditors and the estate." *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). Although the Debtors argue for conversion, dismissal of each of the Chapter 11 cases of the Enterprise Bank SPE Debtors is the best interest of its creditors and estate.

7.      This joint proceeding is a procedural amalgamation of nineteen separate single asset debtor cases and the cases of their three parent entities. Although they have proceeded collectively, the cases have not been substantively consolidated. Accordingly, the best interest test must be considered separately for each of the Debtors and only those with claims against a respective debtor should be heard on the "best interest of creditors" issue for that debtor.

## A.      Creditors Will Fare Better with Dismissal

8.      The best interest test requires a comparison of the rights of creditors in bankruptcy with their rights under state law. *See, Matter of NuGelt, Inc.*, 142 B. R. 61 (Bankr. D. Del. 1992), *citing In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991).

9.      At its core, each Enterprise Bank SPE Debtor case involves a garden-variety two-party dispute between lender and borrower. Each Enterprise Bank SPE Debtor, having defaulted on its mortgage loan, sought protection under Chapter 11 so to delay and/or avoid the foreclosure by Enterprise Bank of its sole revenue-generating asset, the pledged real estate described above. Each Enterprise Bank SPE Debtor is a single asset debtor. Each Enterprise Bank SPE Debtor conducts no operations or business other than the rental of its property. No Enterprise Bank SPE Debtor generates revenue other than from the rental of its property. And some of the Enterprise Bank SPE Debtors capture little or no revenue from their real property because of the interference and malfeasance of the Honarkar Parties. *See Debtors' Statement Regarding Conversion*, ¶ 24

4

[Docket No. 621] and *FTI 13-week Cash Flow Summary and Rent Reconciliation*, Exhibit F [Docket 621-6].

10.     As determined by the Debtors, the only viable path to the monetization of each of the Enterprise Bank SPE Debtor's sole revenue generating asset and a potential recovery of value for the benefit of its unsecured creditors, if any, was through a sale under section 363. However, the Honarkar Parties have successfully blocked any sale in these cases. Recognizing that the position of the Honarkar Parties also precludes the sale of properties in Chapter 7, the Debtors have consented to relief from the stay so the Real Property Lenders can protect their collateral and proceed to foreclosure. *See Debtors' Statement Regarding Conversion*, ¶¶ 45-46 [Docket No. 621]. As such, there is no possibility that Chapter 7 Trustee will have the ability to generate unencumbered and available funds for distribution to unsecured creditors through the sale of properties.

11.     In addition, the Enterprise Bank SPE Debtors have insufficient cash flow to maintain and preserve their assets and no viable means to secure additional financing. Continuation of these cases in Chapter 7 would be more of the same. The Enterprise Bank SPE Debtors cannot generate funds to pay even current expenses, real property taxes and professional fees, much less provide for a distribution to creditors. Instead, additional costs would burden an already administratively insolvent estate. *See, In re Midwest Properties of Shawano, LLC*, 442 B.R. 278, 286 (Bankr. D. Del. 2010) (dismissal, rather than conversion, is in the best interest of the creditors and estate where debtor's operations without receivership properties do not generate sufficient funds to pay current expenses).

12.     Just as the Chapter 11 Debtors have been unable to capture any value from the Debtors' collateralized assets, the result will be the same in Chapter 7. Creditors of the Enterprise

Bank SPE Debtors will fare worse under a Chapter 7 proceeding as administrative costs accrue. As there is no prospect for distribution to creditors in a Chapter 7 liquidation, it is unfair to continue the injunction of the automatic stay.

**B.    The Other Assets are of Unknown or Minimal Value in a Chapter 7 Case**

13.    Attempting to create the appearance of value for creditors, the Debtors assert that the estates hold claims against the Honarkar and Continuum Parties resulting from improper conduct before and during the pendency of these cases. By way of example, the Debtors claim that:

(a)    Honarkar has opened bank accounts at certain properties in the Debtors' name without the Debtors' knowledge, likely in violation of the cash management order;

(b)    Honarkar has stolen from the Debtors by instructing tenants living at the Debtors' properties to pay their rent to him rather than to the Debtors;

(c)    Honarkar is currently living rent free in one of the Debtors' properties and does not intend to pay rent;

(d)    Honarkar Parties and others associated with them are benefitting, or have otherwise failed to account for, at least $150,000 per month in anticipated rent at these properties because of this theft; and

(e)    The Continuum Parties transferred $1,200,000 from the Debtors on March 10, 2025.

*See Debtors' Statement Regarding Conversion*, ¶¶23 – 27 [Docket No. 621], Exhibit E [Docket 621-5].

14.    By describing the claims in the aggregate, the Debtors fail to sufficiently detail the value of such claim to each of the Enterprise Bank SPE Debtors. For example, of the $1,200,000 in claims against the Continuum Parties, only $37,128.53 and $2,761.71 were transferred from Sunset Cove Villas, LLC and Retreat at Laguna Villas, LLC, respectively. The Continuum Parties allegedly transferred no funds from the other eight Enterprise Bank SPE Debtors. *Id.*, Exhibit E

[Docket 621-5]. Furthermore, without knowing the cost and uncertainty regarding collection from notoriously litigious parties, the "net" benefit to creditors in prosecuting actions to recover the transferred funds and the prospect for any distribution is pure conjecture.

15.     Furthermore, assuming the accuracy of the allegations, the foregoing claims, as well as any other claim for diverted or absconded rent, are not encumbered. Rather, any such claim regarding the transfer of rents or profits derived from Enterprise Bank's real property constitutes the collateral of Enterprise Bank and, secondarily, Specialty DIP, LLC.

16.     The Debtors also identify other assets against which a Chapter 7 might proceed. These assets include the equity interests in the SPEs and the contributed ownership of non-debtor Palm Desert Collective Resort, LLC to MOM CA. *See Debtors' Statement Regarding Conversion*, ¶35 [Docket No. 621]. But those claims are not assets of the SPE Debtors and are of no benefit to the creditors of the SPE Debtors. Instead, those claims belong to the parent MOM entities and can be preserved by conversion of the bankruptcy estates of the MOM AS Investco LLC and MOM BS Investco LLC only and prosecuted by the Chapter 7 Trustee(s) appointed in those converted cases.

**C.     The Need for Multiple Chapter 7 Trustees**

17.     Each debtor may hold intercompany claims against other debtors. For example, under the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (II) Granting Related Relief* (the "Final DIP Order") [Docket No. 316], and as amended thereafter, the Debtors borrowed $5 million from Specialty DIP, LLC. The Final DIP Order and subsequent amended orders jointly and severally obligated each of the Enterprise Bank SPE Debtors for the entire debt. If any SPE Debtor did not receive the benefit of borrowed funds in an amount equal the joint and several obligation incurred, it may have claims against the other debtors. Accordingly, a separate Chapter 7 trustee must be appointed for each debtor to avoid conflicts of

interest and to ensure that each debtor's prepetition and postpetition intercompany claims are investigated and prosecuted.

**D.    Other Reasons for Dismissal**

18.    As evidenced by the proposed order attached to *Debtors' Statement Regarding Conversion*, conversion of the Enterprise Bank SPE Debtor cases to Chapter 7 will create confusing jurisdictional issues. For example, the Debtors' proposed order provides that the Real Property Lenders are granted relief from the stay as to their respective collateral on or after the Conversion Date to control, administer, maintain and dispose of their respective properties. However, the proposed order also provides that the Chapter 7 Trustee would be *entitled* to any *rental net proceeds generated by the Properties or any net sale proceeds from the Properties*. The ambiguity of this provision and the meaning of "entitled" and "net proceeds" conflicts with the rights of Enterprise Bank in its collateral and its obligations under state law. Rather, Enterprise Bank is entitled to all rents, profits and sale proceeds from each of its pledged properties until its respective secured obligations are paid in full. Importantly, it also raises the concern that a Chapter 7 Trustee or other party may raise questions, whether spurious or legitimate, regarding the scope of the relief granted under the order, such that Enterprise Bank is required to return to this Court for clarification. Any such attempt to impair or interfere with Enterprise Bank's right to exercise any and all rights under its loan documents and state law will result in increased costs and an unnecessary waste of judicial resources.

19.    Accordingly, there is no benefit or purpose in continuing the bankruptcy proceedings of the Enterprise Bank SPE Debtors in either Chapter 11 or Chapter 7. Dismissal is supported by cause and is in the best interest of their creditors.

### RESERVATION OF RIGHTS

20.     Enterprise Bank reserves its right to supplement this Response at the hearing on the

Motion.

WHEREFORE, Enterprise Bank and Trust respectfully requests that this Court dismiss

the bankruptcy cases of the Enterprise Bank SPE Debtors, convert the bankruptcy cases of MOM

AS Investco LLC and MOM BS Investco LLC  to Chapter 7 and grant such other relief as is

necessary and proper.

Dated:  July 28, 2025                              **ARMSTRONG TEASDALE LLP**


*/s/ Eric M. Sutty*
Eric M. Sutty, DE No. 4007
1007 North Market Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 416.9670
Fax: (302) 397.2527
Email: esutty@atllp.com

 -and-

David Going, Esq.
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Tel: (314) 342-8010
Fax: (314) 621.5065
Email: dgoing@atllp.com

*Counsel forEnterprise Bank and Trust*