IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 535, 611 & 621** |

### DEBTORS' SUPPLEMENT TO STATEMENT REGARDING CONVERSION AND OBJECTION TO MOTION OF PREFERRED BANK FOR RELIEF FROM THE AUTOMATIC STAY AS TO DEBTOR TESORO REDLANDS DE, LLC PURSUANT TO 11 U.S.C. § 362(d)(1)

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this supplement (this "Supplement") to *Debtors' Statement Regarding Conversion* [Docket No. 611] (the "Statement") and objection (this "Objection") to the *Motion of Preferred Bank for Relief from the Automatic Stay as to Debtor Tesoro Redlands DE, LLC Pursuant to 11 U.S.C. § 362(d)(1)* [Docket No. 535] (the "Stay Relief Motion")[2] filed by Preferred Bank ("Preferred"). In further support of this Objection and Supplement, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229], and Terra Laguna Beach, Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stay Relief Motion.

**RELEVANT BACKGROUND**

**I.     The Sale Process**

1.     On February 28, 2025 (the "Investco Petition Date"), Debtor MOM CA Investco LLC ("MOM CA"), Debtor MOM AS Investco LLC ("MOM AS"), and Debtor MOM BS Investco LLC ("MOM BS," collectively with MOM CA and MOM AS, the "MOM Investcos") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  On March 10, 2025 (the "SPE Petition Date," together with the Investco Petition Date, respectively, the "Petition Date"), nineteen (19) subsidiary special purpose entities (each an "SPE") owned by the MOM Investcos (collectively, the "SPE Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.     The Debtors constitute a real estate operation comprised of a portfolio of commercial properties owned by the Debtors.  The properties that make up the portfolio include hotels, an apartment complex, office buildings, other commercial real estate, and individual homes used as luxury vacation rentals.  The Debtors filed these chapter 11 cases with the intention of maximizing value and selling their properties, including the real property commonly known as 106 West Pennsylvania Avenue, Redlands, CA 92374-2249 (the "Tesoro Property").

3.     To that end on April 22, 2025, the Debtors filed the *Motion of Debtors for Entry of Orders (A)(I) Approving bidding procedures for Tesoro Property, (II) Scheduling the Bid Deadlines, (III) Scheduling Hearings and Objection Deadlines With Respect to the Sale of Tesoro Property, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief; and (B)(I) Approving the Sale of Tesoro Property Free and Clear of All Interests, (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*

[Docket No. 280] (the "Tesoro Sale Motion") and, on April 23, 2025, sought to retain Marcus & Millichap Real Estate Investment Services, Inc. ("Marcus & Millichap") as the Debtors' real estate broker with respect to the disposition and the Debtors' right, title, and interest in the Tesoro Property. *See* Docket Nos. 289 & 382.

4. On May 15, 2025, the Court entered the *Order (I) Approving Bidding Procedures; (II) Scheduling the Bid Deadlines; (III) Scheduling Hearings and Objection Deadlines With Respect to the Sale of Tesoro Property; (IV) Approving the Form and Manner of Notice Thereof; (V) Approving Contract Assumption and Assignment Procedures; and (VI) Granting Related Relief* [Docket No. 402] (the "Tesoro Bidding Procedures Order"). A hearing to consider the sale of the Tesoro Property was originally scheduled for June 10, 2025 (the "Sale Hearing").

5. The Debtors' robust process for the Tesoro Property culminated in twelve (12) letters of intent and three (3) binding bids.

6. In the Debtors' reasonable business judgment, pursuant to the Tesoro Bidding Procedures Order, designated Patrick Theodora (the "Purchaser") as the successful bidder for the Tesoro Property. *See* Docket No. 468. The Purchaser's bid for the Tesoro Property provided, among other things, cash consideration in the amount of $55,000,000 in exchange for the Tesoro Property "as is, where is," with no contingencies. The Purchaser also agreed to take the Tesoro Property subject to all tenant leases. *See Declaration of Patrick Theodora in Support of the Sale of Tesoro Property* [Docket No. 509], ¶ 4. Notably, the proceeds from the sale of the Tesoro Property were expected to be approximately $12 million above Preferred's secured debt. *See Debtors' Reply in Support of the Debtors' Tesoro Sale Motion* [Docket No. 501], ¶¶ 3, 9 & 58.

7. Unfortunately, two days before the Sale Hearing, due to the uncertainty of the future of these cases, the Purchaser pulled his bid for the Tesoro Property. If the Debtors' secure further

3

debtor in possession financing and stabilize the future of these cases, the Purchaser is expected to, at a minimum, reengage with the Debtors concerning the Tesoro Property.

## II.  The Stay Relief Motion

8.  On June 6, 2025, Preferred filed a proof of claim against Debtor Tesoro Redlands DE, LLC ("TRD") asserting a secured claim in the amount of not less than $41,279,867.15 consisting of: (i) principal in an amount not less than $37.050.580.40, plus (ii) accrued interest in an amount not less than $3.892.852.99, and accruing at a daily interest of $16.209.63, plus (iii) other fees, including, but not limited to, attorney's fees and costs in an amount according to proof but not less than $336,433.76. *See* Proof of Claim No. 68.

9.  The Debtors are in the process of reviewing the asserted liens and claims by Preferred to ensure that there are no valid objections to their claims.

10. On June 13, 2025, Preferred filed the Stay Relief Motion seeking relief from the automatic stay to, among other things, exercise its rights under state law and carry out a foreclosure sale of the Tesoro Property. In the Stay Relief Motion, Preferred asserts that "TRD currently owes Preferred not less than $41 million." Stay Relief Motion ¶ 9. Preferred Bank attempted to shorten notice on the Stay Relief Motion (*see* Docket No. 581), but this Court denied such request (*see* Docket No. 585).

11. In an effort to reach a global resolution, the Debtors, the Real Property Lenders,[3] including Preferred, the DIP Lender,[4] and the Honarkar Parties[5] (collectively, the "Parties") have been in constant negotiations regarding additional debtor in possession financing and a path

---

[3]  "Real Property Lenders" means Enterprise Bank & Trust, PMF CA REIT, LLC, Lone Oak Fund, LLC, Wilshire Quinn Income Fund, LLC, Preferred Bank, and Banc of California.

[4]  Specialty DIP, LLC shall be referred to herein as the "DIP Lender."

[5]  The "Honarkar Parties" shall mean, collectively, Mohammad Honarkar and 4G Wireless, Inc.

forward for these cases in chapter 11. As part of these negotiations, relief from stay and the timing of the foreclosure sales of the Debtors' properties, including the Tesoro Property, have been discussed and have been identified as material points of any deal amongst the Parties.

12. At a hearing before this Court on July 17, 2025, the Debtors represented that the Parties have come to a deal in principal. The DIP Lender has provided the Debtors with initial funding, in the amount of approximately $330,000, to fund operations for the next two weeks so that the Parties can continue negotiating and, hopefully, document a global resolution that keeps these chapter 11 cases alive. Absent a global resolution, which will either come to fruition or not by July 31, 2025, the Debtors will be forced to either convert or dismiss these cases.

### III. The Motion to Dismiss

13. On June 27, 2025, the Honarkar Parties filed the *Emergency Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Dismissing or Converting the Chapter 11 Cases Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 611] (the "Motion to Dismiss") seeking to dismiss the Chapter 11 Cases or, in the alternative convert the cases to those under chapter 7.

14. On June 30, 2025, the Debtors filed the Statement in support of converting the Chapter 11 Cases to those under chapter 7.

### OBJECTION

### I. "Cause" Does Not Exist Under 11 U.S.C. § 362(d) to Warrant Granting Preferred Relief from the Automatic Stay.

15. Preferred cannot establish that "cause" exists to lift the automatic stay and, therefore, has failed to meet its burden under section 362(g) of the Bankruptcy Code. Pursuant to section 362(d)(1) of the Bankruptcy Code, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or condition such stay . . . for cause . . . including the lack of adequate protection of an interest in

5

property of such party in interest." 11 U.S.C. § 362(d)(1).  The party requesting stay relief has the burden of proof for establishing a prima facie case for "cause" which then must be rebutted by the party opposing relief.  *See* 11 U.S.C. § 362(g)(1); *In re Rexene Prods. Co.*, 141 B.R. 576, 577 (Bankr. D. Del. 1992).  Preferred has not done so.

16. In the Stay Relief Motion, Preferred merely asserts that cause exists for lifting the automatic stay because "TRD has not paid any post-petition payments to Preferred" and that "Preferred is not adequately protected due to the actions of certain insiders."  Stay Relief Motion ¶ 18.  This is not enough to justify lifting the automatic stay.

17. *First and foremost*, Preferred is oversecured.  The Tesoro Property is the keystone to the Debtors' real estate portfolio.  In fact, it is one of the properties that has immense value and continues to generate revenue.  As noted above, the Purchaser submitted a bid for the Tesoro Property in the cash amount of $55 million – that is approximately ***$14 million over*** the asserted amount of Preferred's claim.  Accordingly, using their own analysis, Preferred's claim is vastly oversecured, evidenced by the Purchaser's bid for the Tesoro Property.[6]  Given that, no cause exits to lift the automatic stay.

18. *Second*, the Debtors have every intention of moving forward expeditiously with a sale of the Tesoro Property once a global resolution is reached.  It's not a matter of if the Tesoro Property will be sold, but when, which, the Debtors submit, will occur before year end.  Accordingly, stay relief is simply premature at this time.  Preferred will not be prejudiced if it waited a couple of more weeks so that the sale of the Tesoro Property can close within chapter 11 and create value for all parties – not just Preferred.

---

[6] *See In re Emerge Energy Servs. LP*, 2019 WL 7634308 ("the value of the property…is the price a willing buyer in the debtor's trade, business, or situation would pay to obtain like property from a willing seller.")

## II. Preferred is Also Not Entitled to Adequate Protection.

19. The purpose of adequate protection "is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use by the debtor." *In re Satcon Tech. Corp.*, 2012 WL 6091160, at *6 (Bankr. D. Del. Dec. 7, 2012) (emphasis added); *see also In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986) (noting that the application of adequate protection "is left to the vagaries of each case . . . but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process") (citation omitted), *rev'd on other grounds*, 89 B.R. 336 (S.D.N.Y. 1988). Accordingly, Preferred id only entitled to adequate protection to the extent their collateral, the Tesoro Property, is diminished in value. The Debtors submit that the Tesoro Property will not be diminished in value during the pendency of the Chapter 11 Cases and, thus, Preferred is not entitled to adequate protection.

20. According to Preferred, the value of its secured claim is, at most, $41 million. Stay Relief Motion ¶ 9. Additionally, the Tesoro Property is the keystone of the Debtors' real estate portfolio. The Debtors submit that it has immense value, evidenced by the recent sale process the Debtors ran.

21. As noted above, the Purchaser submitted a bid for the Tesoro Property in a cash amount of $55 million, approximately $14 million over the asserted amount of Preferred's claim. Accordingly, if the sale process of the Tesoro Property were to be completed, as is the goal of these Chapter 11 Cases, Preferred would be paid in full and experience no diminution of value of the collateral securing their claim. A global resolution is imminent and Preferred need only wait to receive the full amount of its claim. Accordingly, Preferred's collateral (the Tesoro Property) will

not suffer any diminution in value during the pendency of these Chapter 11 Cases and is, thus, not entitled to adequate protection.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court deny the Stay Relief Motion and find that (i) cause does not exist to modify the automatic stay to allow Preferred to, among other things, initiate a foreclosure sale of the Tesoro Property and (ii) Preferred is not entitled to adequate protection.

Dated: July 31, 2025
      Wilmington, Delaware

Respectfully submitted,

*/s/ Katelin A. Morales*
Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
R. Stephen McNeill (No. 5210)
Katelin A. Morales (No. 6683)
Sarah R. Gladieux (No. 7404)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
      astulman@potteranderson.com
      rmcneill@potteranderson.com
      kmorales@potteranderson.com
      sgladieux@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*