IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | ) ) ) | Case No. 25-10321 (BLS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: Docket No. 726** |

**OBJECTION OF BANC OF CALIFORNIA TO DEBTORS' PROPOSED SECOND AMENDED FINAL ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING AND (II) GRANTING RELATED RELIEF**

Banc of California ("BOC") files this objection (the "Objection") to the Debtors' proposed *Second Amended Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing and (II) Granting Related Relief* (the "Proposed Order") with respect to the motion to approve further postpetition financing (the "Motion") that was presented at the hearing held on July 31, 2025.

**I.     Specialty DIP Lender Knowingly Allowed the Debtors to Misrepresent to the Court that a Deal Was in Place with the Hotel Laguna Ground Lessor**

1.     At the hearing held on July 31 on the Debtors' continuing efforts to obtain further financing with Specialty DIP Lender, the Debtors informed the Court at the commencement of the hearing that, although the mediation that occurred a day earlier was not successful, at the last minute before the hearing the Debtors came to a short two-week funding agreement with Specialty DIP Lender.

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

2.     Because Specialty DIP Lender was not able, or willing, to advance sufficient funds to pay the rent on the ground lease for the Hotel Laguna, which is the collateral of BOC, the Debtors represented to the Court that the proposed funding deal embodied an agreement that had been reached between Specialty DIP Lender and the ground lessor that both August and September rent could be deferred under the ground lease.  The Debtors noted that they were just waiting on getting the written confirmation from the ground lessor.  Counsel to Specialty DIP Lender was in the courtroom and did not raise any question on whether in fact such a deal had been reached.

3.     BOC objected to the proposed financing on the grounds that any such financing should be conditioned on automatic dismissal if no long-term deal was reached at the end of two weeks, given Specialty DIP Lender's constant failure to come to a long-term deal with the Debtors and lenders which was negatively impacting the sales process.  BOC also objected because any rent deferral put the estates in further administrative insolvency and increased the risk that BOC would have to cure the rent deferral if the cases failed, which looks more likely by the day.

4.     The Court approved the proposed financing with a continued hearing to August 14.  Though the Court stated that it would not include the BOC proposed automatic dismissal language, the Court did say that at the August 14 hearing the Court would hear the motion to dismiss or convert and make a ruling unless some acceptable long-term deal was reached.

5.     Later on July 31, the Debtors circulated a draft order that included the rent deferral of both August and September that had purportedly been part of a deal between Specialty DIP Lender and the ground lessor.  BOC informed the Debtors that they would object to the form of order unless the Debtors could show a written confirmation from the ground lessor that it had agreed to such rent deferral.  Also, counsel to BOC requested the Debtors to confirm that such rent

deferral would be deferred to December 31, 2025, which was the understanding of Debtors' counsel as well.

6. For the next five days after the hearing, the Debtors were unable to get confirmation from either Specialty DIP Lender or the ground lessor that such a deal on the rent deferral had been reached. In fact, counsel to the ground lessor had informed both the Debtors and BOC that no such deal had been reached. During this time period, counsel to BOC informed the Debtors and the CRO that they were infuriated by the misrepresentation made to the Court and informed the Debtors that the time had come to finally dismiss the Hotel Laguna case.

7. On August 5, the Debtors informed all parties that a different deal had now been reached with the ground lessor, which was that the ground lessor would agree to the deferral of the August rent only, and that it would only be deferred until August 31, 2025.

8. Counsel to BOC informed the Debtors that the new Proposed Order fails to inform the Court of the gross misrepresentation made to the Court at the July 31 hearing, which was made in a desperate attempt to buy more time and which constituted just another ridiculous continuation by Specialty DIP Lender to manipulate the Court and these cases, increasing the likelihood of administrative insolvency. Moreover, counsel to BOC informed the Debtors that it was time to stop running these cases for the benefit of the professionals in their attempt to get paid out of this disastrous matter at the expense of the lenders, the primary constituents of these cases.

*[Remainder of Page Intentionally Left Blank]*

4

9. Based on the above, BOC requests that the Court deny the Proposed Order and set an emergency hearing to dismiss these cases.

Dated: August 6, 2025

*/s/ Edward A. Corma*
PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (admitted *pro hac vice*)
Ira D. Kharasch (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
       ikharasch@pszjlaw.com
       joneill@pszjlaw.com
       ecorma@pszjlaw.com

*Counsel for Banc of California*